IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01329–PAB–KMT

LEONA IRVINE,

    Plaintiff,

v.

I. C. SYSTEM, INC., a Minnesota corporation,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Unopposed Motion to Stay Discovery Pending Disposition of Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 21, filed August 29, 2014). For the following reasons, Defendant's Motion to Stay is GRANTED.

In this case, Plaintiff asserts claims that Defendant violated her rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Doc. No. 1.) Defendant has moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 20.) Accordingly, Defendant seeks a stay of discovery pending ruling on the motion to dismiss.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).  Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010).  Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).  *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved").  When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public

interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

Plaintiff does not oppose the motion to stay. Thus, any prejudice to Plaintiff does not weigh heavily in the court's analysis. Moreover, the court finds that any potential prejudice to Plaintiff is outweighed by the burden on Defendant if it is forced to proceed with discovery where the Court's subject matter jurisdiction is in question.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing the case proceed expeditiously, the court finds that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have the case subsequently dismissed in its entirety on the grounds raised in the motion to dismiss. *See Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that "Defendant's Unopposed Motion to Stay Discovery Pending Disposition of Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. No. 21) is **GRANTED**. All discovery in this matter is hereby **STAYED** pending ruling on Defendant's Motion to Dismiss. The Final Pretrial Conference set for March 19, 2015, is **VACATED**.

The parties shall file a status report within ten days of ruling on the Motion to Dismiss to advise if a scheduling conference should be set.

Dated this 3rd day of September, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge