IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01329-PAB-KMT

LEONA IRVINE,

Plaintiff,

v.

I.C. SYSTEM, INC., a Minnesota corporation,

Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction [Docket No. 20] filed by defendant I.C. System, Inc.

On May 12, 2014, plaintiff Leona Irvine filed this case. Docket No. 1. She asserted a single claim for relief against defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. Id.* at 9-10. On July 22, 2014, defendant served plaintiff with the Rule 68 Offer of Judgment ("Offer of Judgment") [Docket No. 20-1] pursuant to Fed. R. Civ. P. 68. The Offer of Judgment states:

> Defendant will allow judgment to be entered in favor of Plaintiff, Leona Irvine, under the following terms: monetary judgment in the amount of $1,001, plus Plaintiff's reasonable attorneys' fees and costs incurred herein as agreed to by the parties or as determined by the Court.
>
> The provisions for acceptance of this offer and/or circumstances under which it is deemed rejected are set forth in Rule 68 of the Federal Rules of Civil Procedure.

Docket No. 20-1 at 1.

On July 30, 2014, plaintiff's counsel sent defense counsel an email taking the position that the Offer of Judgment did not offer complete relief for plaintiff's claim. Docket No. 24-1 at 2. Specifically, plaintiff's counsel stated that, because the FDCPA does not limit fees to those "incurred herein," the inclusion of such a term in the Offer of Judgment precluded plaintiff from recovering all available relief under the FDCPA. *Id.* Plaintiff's counsel requested that defendant delete the works "incurred herein" from the Offer of Judgment. *Id.* at 3. On August 1, 2014, defense counsel responded to plaintiff's counsel's email, stating "I will review your request . . . with our client and get back to you as soon as I have a response." *Id.* at 1. Plaintiff's counsel asserts that he did not receive further response from defense counsel. Docket No. 24 at 2.

On August 5, 2014, plaintiff served her Fed. R. Civ. P. 26(a)(1) initial disclosures on defendant, which stated that she sought "statutory damages of up to $1,000.00 pursuant to the FDCPA," "costs and reasonable attorney fees pursuant to the FDCPA," and "[p]ost [j]udgment interest in an amount to be calculated." Docket No. 20-2 at 4.

On August 11, 2014, the parties discussed the Offer of Judgment during a scheduling conference before the assigned magistrate judge. Docket No. 18 at 2. The magistrate judge directed defendant to file any motion for lack of subject matter jurisdiction based upon the Offer of Judgment on or before August 25, 2014. *Id.* On August 25, 2014, defendant filed the present motion. Docket No. 20. Defendant contends that the Offer of Judgment provided plaintiff with full relief and, as a result, plaintiff's claim is moot. Docket No. 20 at 4.

**I. STANDARD OF REVIEW**

Dismissal pursuant to Rule 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Where, as here, the defendant attacks the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Finance SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* Ultimately, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because it is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

**II. ANALYSIS**

The purpose of Rule 68 is "to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Rule 68 "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id*. Rule 68 allows a defendant to make a "firm, non-negotiable

offer of judgment." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). However, unlike traditional settlement negotiations in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with an Offer of Judgment pursuant to Rule 68 may only accept or refuse. *Id*. Thus, because a Rule 68 offeree is at the mercy of the offeror's choice of language, "the plaintiff should not be left in the position of guessing what a court will later hold the offer means." *Id*. at 1244.

There is a circuit split as to whether a Rule 68 Offer of Judgment for the full relief to which the plaintiff is entitled moots a case. *Compare Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) ("offer of complete relief will generally moot the plaintiff's claim"), *and Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate."), *with Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 703 (11th Cir. 2014) ("'[A]n unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer – however good the terms – her interest in the lawsuit remains just what it was before.'" (quoting *Genesis Healthcare Corp. v. Symczyk*, --- U.S. ----, 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting))), *and Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 954 (9th Cir. 2013) (same). The Tenth Circuit has yet to address this issue. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("[w]hile [the Tenth Circuit has] yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims . . . the plaintiff's claims are rendered moot").

The Court need not decide which approach the Tenth Circuit would follow because, assuming, without deciding, that an Offer of Judgment could render plaintiff's case moot, the Offer of Judgment in this case does not do so.

For an offer to constitute complete relief, it must afford plaintiff everything that was requested in the complaint. *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 341 (1980) ("Acceptance [of defendant's offer] need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint") (Rehnquist, J. concurring). The FDCPA states that a plaintiff can recover as damages "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Under the FDCPA, the maximum amount of statutory damages is $1,000.00, § 1692k(a)(2)(A). However, the parties do not dispute that, because plaintiff is not seeking actual damages, the Offer of Judgment provided plaintiff with full and complete relief with respect to statutory damages. Rather, the parties' disagreement is over whether the Offer of Judgment provides full and complete relief with respect to attorney's fees.

To the extent defendant argues that the Offer of Judgment clearly and unambiguously offered plaintiff full and complete relief with respect to attorney's fees, the Court disagrees. The only limitation the FDCPA imposes on a plaintiff's ability to recover attorney's fees is that such fees are "reasonable . . . as determined by the court." § 1692k(a)(3). Thus, the FDCPA allows a prevailing plaintiff to recover reasonable fees and costs regardless of whether the plaintiff actually incurred or is otherwise liable for such fees. *See Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594, 597 (D. Colo. 2012) ("it is well-established that the fees available under a fee-

shifting statute are part of a plaintiff's recovery and are not dependent upon any explicit fee arrangements between plaintiff and her attorney"); *Tankersley v. Continental Collection Agency*, No. 10-cv-00131-MSK-KMT, 2011 WL 5854558, at *1 (D. Colo. Nov. 21, 2011). In *Tankersley*, the court ruled that, because plaintiff was represented "free of charge," plaintiff's acceptance of an offer of judgment for "reasonable attorney's fees . . . incurred by Plaintiff" precluded the recovery of attorney's fees. *Id.* Defendant argues that, unlike *Tankersley*, its Offer of Judgment did not explicitly limit recovery to fees incurred "by Plaintiff." Docket No. 25 at 7. However, defendant's Offer of Judgment implies exactly that – no one other than plaintiff could have "incurred" fees recoverable under the FDCPA. As a result, *Tankersley* is not materially distinguishable from the present case.

Plaintiff argues that the term "incurred herein" places a limitation on her ability to recover attorney's fees under the FDCPA, in part, because the term implies that plaintiff's recovery would be limited to fees incurred as of the date of the Offer of Judgment. Docket No. 24 at 5. Defendant concedes that the FDCPA entitles plaintiff to recover attorney's fees incurred after receipt of a Rule 68 offer, but argues that the Offer of Judgment contained no temporal limitation. Docket No. 25 at 5. The Court agrees with plaintiff that the term "incurred herein" as used in the Offer of Judgment could be reasonably interpreted as implying some sort of temporal limitation on plaintiff's ability to recover attorney's fees.

At best, the terms of defendant's Offer of Judgment are ambiguous as to plaintiff's entitlement to attorney's fees. It was, however, within defendant's power to

present plaintiff with a clear and unambiguous offer providing plaintiff with full and complete relief. *See Utility Automation*, 298 F.3d at 1244 ("[o]nly the offeror can ensure that the offer clearly includes . . . fees"). Defendant cannot invoke Rule 68 when it presents plaintiff with an ambiguous Offer of Judgment because "the offeree must know what is being offered in order to be responsible for refusing the offer." *Arkla Energy Res., a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir. 1993); *see also Basha v. Mitsubishi Motor Credit of Am., Inc.*, 336 F.3d 451, 455 (5th Cir. 2003) (quoting *Thomas v. Nat'l Football League Players Ass'n*, 273 F.3d 1124, 1130 (D.C. Cir. 2001)) (an Offer of Judgment must provide "'a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer'").[1]

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction [Docket No. 20] is **DENIED**.

DATED March 30, 2015.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge

---

[1] Although defendant argues that it was improper for plaintiff's counsel to attempt to negotiate the Offer of Judgment's terms, the Court need not resolve this or any of defendant's remaining arguments in resolving the present motion.