IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01329–PAB–KMT

LEONA IRVINE,

    Plaintiff,

v.

I. C. SYSTEM, INC., a Minnesota corporation,

    Defendant.

___

**ORDER**
___

    This matter is before the court on "Plaintiff's Motion to File the First Amended Complaint and Jury Demand" (Doc. No. 40 [Mot.], filed August 21, 2015). Defendant filed its response on September 14, 2015 (Doc. No. 49 [Resp.]), and Plaintiff filed her reply on September 28, 2015 (Doc. No. 54 [Reply]).

**BACKGROUND**

    On May 12, 2014, Plaintiff filed this case asserting a single claim for relief against Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Doc. No. 1 at 9-10.) Plaintiff now seeks leave to amend her complaint to add additional and more specific allegations as a result of Defendant's responses to discovery requests. (*See* Mot.) Specifically, Plaintiff seeks to amend paragraphs 30-44 to add a specific date of the telephone call at issue in this case and to delete the name of one of the credit reporting agencies with which Defendant communicated (*see* Doc. No. 40-6 [Proposed Am. Compl., ¶¶ 30-44); to

amend paragraphs 45-59 to add specific dates of Defendant's credit reporting of the Plaintiff's account at issue (*see id.*, ¶¶ 45-59); and to amend paragraphs 63-75 to add new allegations that deal with the defendant's alleged actions in communicating information regarding the account to the creditor regarding Plaintiff's account (*see id.*, ¶¶ 63-75). Plaintiff also seeks to amend to make "grammatical changes and changes to delete the Plaintiff's claim pursuant to FDCPA 1692f preface the Plaintiff clarifying that she is not seeking actual damages pursuant to the FDCPA in this case." (Mot., ¶ 20.)

Defendant argues Plaintiff's motion should be denied because she is not adding new causes of action (Resp., ¶ 3-5); Plaintiff's motion is futile (*id.*, ¶¶ 6-7); Plaintiff's motion will unduly delay the case (*id.*, ¶ 8); and Plaintiff's motion is untimely (*id.*, ¶ 9).

## ANALYSIS

### 1. Good Cause Pursuant to Fed. R. Civ. P. 16(b)

A scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The deadline for seeking to amend pleadings in this case was September 30, 2014. (*See* Doc. No. 18) Plaintiff filed the present motion on August 21, 2015, nearly eleven months later. To demonstrate good cause pursuant to Rule 16, Plaintiff must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts . . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).

Although not addressed pursuant to Fed. R. Civ. P. 16(b), Plaintiff argues that the filing of this motion is justified because Defendant failed to respond to Plaintiff's discovery requests despite numerous and repeated attempts by Plaintiff's counsel to obtain the responses. (Reply, ¶ 10.) Plaintiff argues that it did not receive documents at issue until after an informal discovery conference with this court on July 15, 2015, and until during and after the depositions of Defendant's witnesses on July 30, 2015. (*Id.*)

The court is inclined to allow extension of the pleading amendment deadline here. The length of the delay is not a traditional consideration in determining whether a party has been diligent; however, the court notes that the short delay between the discovery of much of the information they seek to add—in July 2015—and the filing of the present motion—on August 21, 2015—informs the court's interpretation of Plaintiff's conduct and whether it evidences diligence. Moreover, "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668–69 (D. Colo. 2001). Further, Plaintiff appears not to have been careless in a way that the good cause standard is meant to address. *See*, *e.g.*, *Pumpco, Inc.*, 204 F.R.D. at 668. The court therefore finds that Plaintiff has provided good cause for requesting leave to amend outside the pleading amendment deadline.

### 2.     *Requirements of Fed. R. Civ. P. 15*

The court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party shows undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

3

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

First, concerning delay, "[t]he important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue." *Minter*, 451 F.3d at 1206. The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* However, the Tenth Circuit has also emphasized the similarity between the "good cause" standard of Rule 16(b) and the "undue delay" analysis of Rule 15(a). The court notes that Plaintiff acted quickly to submit her proposed Amended Complaint once she received the discovery responses and conducted the depositions of Defendant's witnesses. *See Martinez v. City & Cnty. of Denver*, No. 11–cv–00192–MSK–KLM, 2012 WL 4097298, at *3 (D. Colo. Sept.18, 2012). Moreover, though Defendant filed a Motion for Summary Judgment that is fully briefed, the court notes that the defendant filed the motion well before the end of the discovery cutoff and the dispositive motions deadline, which is set at November 9, 2015. Thus, the court finds that this history does not evidence undue delay.

Turning to Defendant's futility argument, an amendment is futile if it would not survive a motion to dismiss. *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir.2004). Defendant argues that Plaintiff is not relying on the additional allegations to advance her case and that Plaintiff has responded to Defendant's Motion for Summary Judgment filed on June 20, 2015, and did not present the new factual allegations in her response. (Mot., ¶ 7.) The court agrees with Plaintiff, however, that she could not brief the allegations in her response to the Motion for Summary Judgment because they were not asserted as a part of her original complaint and were not part of the record. This argument is rejected.

Defendants fail to argue or show, and the court does not find, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion to File the First Amended Complaint and Jury Demand" (Doc. No. 40) is **GRANTED**. The Clerk is directed to file Plaintiff's "First Amended Complaint and Jury Demand" (Doc. No. 40-5).

Dated this 7th day of October, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge