**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01329-PAB-KMT

LEONA IRVINE,

        Plaintiff,

v.

I.C. SYSTEM, INC., a Minnesota corporation,

        Defendant.

---

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

COMES NOW the Plaintiff, by and through her undersigned counsel, David M. Larson, and hereby files this Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and in support states as follows:

**FACTUAL BACKGROUND**

The Defendant received the Plaintiff's account for collection from Banfield Pet Hospital after it went into default with Banfield Pet Hospital. The Defendant reported the account to Experian and Transunion, credit reporting agencies. The Plaintiff called the Defendant on March 13, 2014 and informed and notified the Defendant that the account was disputed by repeatedly stating that she did not agree with the balance on the account and that she did now owe the balance on the account. During the telephone conversation between the Plaintiff and the Defendant regarding the account on March 13, 2014 the Defendant also falsely represented to the Plaintiff that the account would stay on the credit reports until it is paid. On April 1, 2014 the Defendant communicated

information regarding the account, including the Plaintiff's name, Plaintiff's debtor reference number, the amount paid to the agency, the amount paid to Banfield Pet Hospital, the fee due the Defendant and the amount due Banfield Pet Hospital to Banfield Pet Hospital without communicating that the account was disputed - despite the fact that the communication, bate stamped ICS000062, has a column for balance status regarding the Plaintiff's account which the Defendant left blank. On March 16, 2014, March 23, 2014 and May 18, 2014 the Defendant communicated information regarding the account, including the Plaintiff's name, address, original creditor name, account balance and account number to Experian and Transunion without communicating that the account was disputed. The Plaintiff is alleging that the Defendant's representation(s) and/or action(s) constitute violations of the FDCPA, 15 U.S.C. § 1692e preface and/or 15 U.S.C. § 1692e(2)(A) and/or 15 U.S.C. § 1692e(8) and/or 15 U.S.C. § 1692e(10). The Plaintiff is seeking statutory damages of up to $1,000.00 as well as her costs and reasonable attorney's fees pursuant to the FDCPA as a result of the Defendant's violation(s). The Plaintiff is not seeking actual damages. The Defendant is not asserting the Bona Fide Error defense in this case pursuant to the FDCPA, 15 U.S.C. § 1692k(c), CM/ECF # 58.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

## STATEMENT OF UNDISPUTED MATERIAL FACTS.

1.    Plaintiff incurred the balance on a Banfield Pet Hospital account solely for personal, family and household purposes for veterinary services for a pet that was solely for personal purposes and not for business or commercial purposes. See Affidavit of Plaintiff, CM/ECF # 48-1, Filed 9/2/2015, p. 1, ¶ 5.

2.    The Plaintiff's Banfield Pet Hospital account went into default prior to when the Defendant received the account. CM/ECF # 36-2, filed 6/29/15, p. 2, ¶ 6.

3.    On November 28, 2011, the Plaintiff's Banfield Pet Hospital account was placed or otherwise transferred to the Defendant for collection. CM/ECF # 36-2, filed 6/29/15, p. 1, ¶ 5.

4.    The Plaintiff called the Defendant regarding the Banfield Pet Hospital account on March 13, 2014. CM/ECF # 36-2, filed 6/29/15, p. 2, ¶ 8.

5.    A transcription of the telephone conversation between the Plaintiff and the Defendant on March 13, 2014 is in the Court record, CM/ECF # 53-4, filed 9/21/15.

6.    The Plaintiff disputed the account with the Defendant during the telephone conversation with the Defendant regarding the account on March 13, 2014 by repeatedly informing the Defendant that she did not agree with the balance on the account and that she did not owe the balance on the account. CM/ECF # 48-1, filed 9/2/15, p. 2 - 3, ¶ 10 – 15 and CM/ECF # 53-4, filed 9/21/15, p. 2 - 3.

7.    During the telephone conversation between the Plaintiff and the Defendant regarding the account on March 13, 2014 the Defendant represented to the Plaintiff that the account was going to stay on the Plaintiff's credit report until it is paid. CM/ECF # 48-1, filed 9/2/15, p. 3, ¶ 16 – 17 and CM/ECF # 53-4, filed 9/21/15, p. 6.

8.      On March 16, 2014 the Defendant communicated information regarding the
Plaintiff's account, including the name of the original creditor, the balance due on the
account, Plaintiff's name, telephone number and address, the Defendant's client name:
Banfield Pet Hospital, the current balance of $630, the amount past due of $630, the
billing date of March 16, 2014, date of delinquency of March 31, 2011, the Plaintiff's
account number to Experian and Transunion without communicating that the account is
disputed. The Defendant communicated the information regarding the Plaintiff's account
to Experian and Transunion on March 16, 2014 in connection with the collection of the
account. The Defendant voluntarily communicated information regarding the account to
Experian and Transunion on March 16, 2014 while attempting to collect the account in
an attempt to collect the account from the Plaintiff. The Defendant was not required by
the Fair Credit Reporting Act to communicate any information regarding the account to
Experian and Transunion on March 16, 2014. CM/ECF # 48-2, filed 9/2/15, p. 44, ll. 4 –
p. 45, ll. 15, p. 47, ll. 19 – p. 48, ll. 16, p. 49, ll. 11 – 22, p. 125, ll. 16 – p. 128, ll. 5, p.
130, ll. 24 – p. 131, ll. 10, p. 133, ll. 11 – 17, p. 138, ll. 22 – p. 139, ll. 11, p. 143, ll. 11 –
p. 152, ll. 9 and CM/ECF # 53-5, filed 9/21/15.

9.      On March 18, 2014 the Defendant processed a payment from the Plaintiff
regarding the account. CM/ECF # 36-2, filed 6/29/15, p. 2, ¶ 17.

10.     On March 23, 2014 the Defendant communicated information regarding the
Plaintiff's account, including the name of the original creditor, the balance due on the
account, Plaintiff's name, telephone number and address, the Defendant's client name:
Banfield Pet Hospital, the current balance of $630, the amount past due of $630, the

billing date of March 23, 2014, date of delinquency of March 31, 2011, the Plaintiff's

account number in connection with the collection of the account to Experian and

Transunion without communicating that the account is disputed. The Defendant

communicated the information regarding the Plaintiff's account to Experian and

Transunion on March 23, 2014 in connection with the collection of the account. The

Defendant voluntarily communicated information regarding the account to Experian and

Transunion on March 23, 2014 while attempting to collect the account in an attempt to

collect the account from the Plaintiff. The Defendant was not required by the Fair Credit

Reporting Act to communicate any information regarding the account to Experian and

Transunion on March 23, 2014. CM/ECF # 48-2, filed 9/2/15, p. 44, ll. 4 – p. 45, ll. 15, p.

47, ll. 11 – p. 48, ll. 16, p. 49, ll. 11 – 22, p. 118, ll. 9 – 17, p. 128, ll. 21 – p. 129, ll. 25,

p. 130, ll. 24 – p. 131, ll. 10, p. 133, ll. 11 – 17, p. 142, ll. 17 – 22, p. 143, ll. 11 – p. 152,

ll. 9 and CM/ECF # 53-5, filed 9/21/15.

11.     On April 1, 2014 the Defendant communicated information regarding the

Plaintiff's Banfield Pet Hospital account to via email to Banfield Pet Hospital without

communicating that the account was disputed, including: the date, the Plaintiff's name

(Leona Shabazz), the Debtor reference number, the amount paid to the Defendant, the

amount paid to Banfield Pet Hospital, the fee due the Defendant and the Amount due

Banfield Pet Hospital. A column on the document states is entitled "Balance Status" and

is empty regarding the Plaintiff's account. See **Exhibit 1**, Redacted Defendant's

documents bate stamped ICS000060 – ICS000062 and **Exhibit 2**, partial transcript of

the second deposition of Defendant's Fed.R.Civ.P. 30(b)(6) Designee Ryan Bacon

taken on 10/7/15, p. 15, ll. 1 – 20, p. 16, ll. 19 – p. 21, ll. 23, p. 26, ll. 10 – 18 and p. 27, ll. 2 - 7.

12.     The information that the Defendant communicated via email to Banfield Pet Hospital regarding the Plaintiff's account on April 1, 2014, conveyed information regarding the Plaintiff's account directly or indirectly to Banfield Pet Hospital. Exh. 2, p. 22, ll. 10 – 16, p. 27, ll. 8 – 13 and p. 28, ll. 6 - 12.

13.     Every action the Defendant took regarding the Plaintiff's account is in regards to the collection of the account. Exh. 2, p. 24, ll. 5 – 8.

14.     The Defendant communicated the information regarding the Plaintiff's account to Banfield Pet Hospital on April 1, 2014 in connection with the collection of the account. Exh. 2, p. 24, ll. 20 – p. 25, ll. 5 and p. 28, ll. 13 – 20.

15.     The Plaintiff filed the instant action against the Defendant in this Court on May 12, 2014. CM/ECF # 1, filed 5/12/2014.

16.     Paragraph 18 of the Complaint, CM/ECF # 1, identifies the type of account at issue in this case. CM/ECF # 1, filed 5/12/2014.

17.     Paragraph 22 of the Complaint provides the Defendant's account number for the Plaintiff's Banfield Pet Hospital account. CM/ECF # 1, filed 5/12/2014.

18.     Paragraph 23 of the Complaint states: "The Plaintiff disputes the Account." CM/ECF # 1, filed 5/12/2014.

19.     The Defendant was served with the Summons and Complaint in this action on May 13, 2014, CM/ECF # 8, filed 6/16/2014.

20.     On May 18, 2014 the Defendant communicated information regarding the

Plaintiff's account to Experian and Transunion including the account number, the date

the account was opened, the billing date, the date of delinquency, the date of last

payment, Plaintiff's name, Plaintiff's address, Plaintiff's phone number, the balance and

the name of the creditor and the Defendant did not communicate to Experian and

Transunion that the account was disputed. The Defendant communicated the

information regarding the Plaintiff's account to Experian and Transunion on May 18,

2014 in connection with the collection of the account. CM/ECF # 48-2, filed 9/2/15, p.

45, ll. 9 – 15, p. 47, ll. 19 – 22, p. 130, ll. 1 – p. 133, ll. 17 and p. 136, ll. 10 – 14 and

CM/ECF # 53-5, filed 9/21/15, p. 1 and 2.

21.     The Defendant could have just not communicated any information regarding the

Plaintiff's account to the credit bureaus on March 16, 2014. CM/ECF # 48-3, filed

9/2/15, p. 11, ll. 11 – 18.

22.      The Defendant could have just not communicated any information regarding the

Plaintiff's account to the credit bureaus on March 23, 2014. CM/ECF # 48-3, filed

9/2/15, p. 11, ll. 20 – 24.

23.     The Defendant could have just not communicated any information regarding the

Plaintiff's account to the credit bureaus on May 18, 2014. CM/ECF # 48-3, filed 9/2/15,

p. 12, ll. 1 – 5.

24.     The Defendant made a decision to voluntarily report information regarding the

Plaintiff's account to Experian and Transunion on March 16, 2014. CM/ECF # 48-3, filed

9/2/15, p. 12, ll. 16 – 21.

25.     The Defendant made a decision to voluntarily report information regarding the Plaintiff's account to Experian and Transunion on March 23, 2014. CM/ECF # 48-3, filed 9/2/15, p. 12, ll. 22 – p. 13, ll. 19.

26.     The Defendant voluntarily communicated information regarding the Plaintiff's account to Experian and Transunion on May 18, 2014. CM/ECF # 48-3, filed 9/2/15, p. 13, ll. 21 – p. 14, ll. 14.

27.     The Defendant's receipt of the Plaintiff's payment after March 13, 2014 did not require the Defendant to communicate any information regarding the account to the credit bureaus and any information that the Defendant sent to the credit bureaus after March 13, 2014 was voluntary. CM/ECF # 48-3, filed 9/2/15, p. 15, ll. 25 – p. 16, ll. 19.

28.     The Defendant's receipt of the Plaintiff's new address during the telephone conversation on March 13, 2014 did not cause the Defendant to be obligated to communicate any information regarding the Plaintiff's account to Experian or Transunion after receiving the Plaintiff's payment on March 18, 2014. CM/ECF # 48-3, filed 9/2/15, p. 16, ll. 22 – p. 17, ll. 6.

29.     The principal purpose of the Defendant is the collection of debts using the mails and telephone. Partial Transcript of Defendant's Fed.R.Civ.P. 30(b)(6) Designee Ryan Bacon on July 30, 2015 attached as **Exhibit 3**, p. 28, ll. 14 – 18.

30.     The Defendant regularly collects or attempts to collect directly or indirectly debts owed or due or asserted to be owed or due another. Exh. 3, p. 28, ll. 20 – 24.

31.     The Defendant is a "debt collector" as that term is defined by the FDCPA. Exh. 3, p. 28, ll. 25 – p. 29, ll. 10.

## STANDARD FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(a) provides:

**Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment. Id. at 248. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." Id. Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the non-moving party bears the burden of demonstrating the existence of such an issue. Moreover, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts". Matsushita Electric Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). It is not sufficient for the non-moving party to just provide a scintilla of evidence supporting its case. Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 252.

The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

Accordingly, because the FDCPA is a remedial statute that "should be construed liberally in favor of the consumer," Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002), the Court will apply the least sophisticated consumer standard to plaintiff's claims brought pursuant to *ß 1692e* and *ß 1692f*.

Hudspeth v. Capital Management Services, Inc., 11-cv-03148-PAB-MEH, 2013 U.S. Dist. LEXIS 25260, p. 4. (D.Colo. February 25, 2013).

## THE FDCPA APPLIES

The Plaintiff meets the three essential requirements to establish an FDCPA violation: (1) said plaintiff is the consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law. Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

## THE PLAINTIFF IS A CONSUMER

The Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). The Plaintiff was allegedly obligated to pay the Banfield Pet Hospital debt that the Defendant was attempting to collect from her. The Plaintiff incurred the Banfield Pet Hospital debt for personal, household purposes.

## THE DEFENDANT IS A DEBT COLLECTOR

The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The Defendant has admitted that it is a debt collector as defined by the

FDCPA in this case. The principal purpose of the Defendant is the collection of debts using the mails and telephone and the Defendant regularly collects or attempts to collect directly or indirectly debts owed or due or asserted to be owed or due another. Thus the Defendant meets the statutory requirements of a "debt collector".

**THE ACCOUNT IN QUESTION IS A DEBT**

The Plaintiff's Banfield Pet Hospital account that the Defendant was attempting to collect from the Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5). The Plaintiff's obligation on the account is an obligation that arose out of transaction(s) in which the subject of the transaction(s) were used solely for personal, family or household purposes – personal veterinary services for a personal pet.

**THE DEFENDANT'S COMMUNICATIONS REGARDING THE ACCOUNT TO THE EXPERIAN AND TRANSUNION ON MARCH 16, 2014, MARCH 23, 2014 AND MAY 18, 2104 EACH CONSTITUTE A COMMUNICATION**

Information regarding the Plaintiff's Banfield Pet Hospital account was conveyed directly or indirectly to Experian and Transunion on March 16, 2014, March 23, 2014 and May 18, 2014 – the list of all the information conveyed is listed on pages 1 and 2 of CM/ECF # 53-5 – including Plaintiff's name, social security number, address, name of the creditor, original balance and the current balance on the account among other information thus the information communicated to Experian and Transunion on March 16, 2014, March 23, 2014 and May 18, 2014 each constitutes a "communication" as that term is defined by FDCPA 1692a(2).

**THE DEFENDANT'S COMMUNICATION REGARDING THE ACCOUNT TO THE CREDITOR ON APRIL 1, 2014 CONSTITUTES A COMMUNICATION**

Information regarding the Plaintiff's Banfield Pet Hospital account was conveyed directly or indirectly to Banfield Pet Hospital on April 1, 2014 via the email the Defendant sent to Banfield Pet Hospital which contained the Plaintiff's name, debtor reference number, the date of the payment, the amount paid to the Defendant, the amount paid to Banfield Pet Hospital, the fee due the Defendant and the amount due to Banfield Pet Hospital thus the information communicated to Banfield Pet Hospital on April 1, 2014, constitutes a communication as that term is defined by FDCPA 1692a(2).

**THE DEFENDANT'S COMMUNICATION WITH THE PLAINTIFF ON MARCH 13, 2014 IS A COMMUNICATION AS THAT TERM IS DEFINED BY THE FDCPA.**

The telephone conversation between the Plaintiff and the Defendant regarding the account on March 13, 2014 constituted a communication as the Defendant informed the Plaintiff of the name of the creditor they were collecting for and the balance due on the account – that information regarding the account was conveyed directly or indirectly to the Plaintiff during the telephone conversation thus the telephone conversation on March 13, 2014 between the Plaintiff and the Defendant regarding the account constitutes a communication as that term is defined by FDCPA 1692a(2).

**DEFENDANT'S FALSE REPRESENTATION TO THE PLAINTIFF THAT THE ACCOUNT WOULD STAY ON THE CREDIT BUREAU REPORTS UNTIL IT IS PAID VIOLATES THE FDCPA**

The Defendant's representation to the Plaintiff that the account would stay on the credit reports until it is paid is false and this Court has previously addressed this exact issue and found that this type of representation is a false representation that is material. Hudspeth, 2013 U.S. Dist. LEXIS 25260 at p. 5 - 6. The Court in the Hudspeth case

gave a thorough analysis of why this type of statement violates the FDCPA and why it is a material misrepresentation and thus actionable under the FDCPA. The Defendant's representation in this case violates the FDCPA as it is false and is a material misrepresentation for the same reasons that this Court found the similar statement was false and material in the <u>Hudspeth</u> case.

Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681c(a)(4), credit agencies cannot report collection accounts that are more than seven years old. Thus the Plaintiff's account would fall off and/or be removed from her credit reports after seven years whether she paid it or not and the Defendant's representation otherwise to the Plaintiff is a false representation and is material for the reasons stated in the <u>Hudspeth</u> case and thus violates FDCPA 1692e preface and/or 1692e(2)(A) and/or 1692e(8) and/or 1692e(10).

**<u>DEFENDANT'S COMMUNICATIONS REGARDING THE PLAINTIFF'S ACCOUNT TO EXPERIAN AND TRANSUNION AFTER MARCH 13, 2014 INCLUDING ON MARCH 16, 2014, MARCH 23, 2014 AND MAY 18, 2014 AND TO THE CREDITOR ON APRIL 1, 2014 VIOLATE THE FDCPA.</u>**

The Defendant communicated the information regarding the Plaintiff's Banfield Pet Hospital account to Experian and Transunion on March 16, 2014, March 23, 2014 and May 18, 2014 without communicating that the account was disputed after the Plaintiff disputed the account with the Defendant via the telephone conversation on March 13, 2014 by stating "Well I don't believe that its that. I don't owe that balance. I don't owe that much.", "I disagree with that balance its just too much and I want to get this settled for less than that." and " I don't understand. I disagree with the balance

period." The Defendant voluntarily communicated information regarding the account to the Experian and Transunion on March 16, 2014, March 23, 2014 and May 18, 2014, the Defendant was not required to do any communications to the credit bureaus on those days regarding the Plaintiff's account and the Defendant's communications to the credit bureaus on those days were in connection with the collection of the account.

The Defendant communicated the information regarding the Plaintiff's account to the creditor in connection with the collection of the account on April 1, 2014 without communicating that the account was disputed after the Plaintiff disputed the account with the Defendant via the telephone conversation on March 13, 2014.

These actions by the Defendant constitute false representations which are material for the reasons stated in the Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) and thus violates FDCPA 1692e preface and/or 1692e(2)(A) and/or 1692e(8) and/or 1692e(10).

"if a debt collector elects to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." Llewellyn, 711 F.3d at 1189 citing Wilhelm, 519 F.3d 416 (8th Cir. 2008).

The Llewellyn case required the Defendant to communicate the disputed status of the Plaintiff's account to the Experian and Transunion on March 16, 2014, March 23, 2014 and May 18, 2014 and to the creditor on April 1, 2014.

"a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and <u>elects</u> to report to a [credit reporting agency]." <u>Llewellyn</u>, 711 F.3d at 1189. This is exactly what happened in this case the Plaintiff disputed the account with the Defendant on the telephone conversation on March 13, 2014 regarding the account and after that the Defendant elected to voluntarily report the account to Experian and Transunion on March 18, 2014, March 23, 2014 and May 18, 2014 and to the creditor on April 1, 2014 without reporting the account as disputed which violated the FDCPA.

This Court in the <u>Hudspeth</u> case stated:

Defendant's argument disregards, however, the wording of the statute, which makes it false or deceptive to communicate to "any person" that a disputed debt is undisputed. *15 U.S.C. ß 1692e(8)*. The plain language of the section indicates that it applies when a collector discloses information regarding a disputed debt to any third party, not just to a credit reporting agency. *See Brady, 160 F.3d at 67* ("ß 1692e(8) requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history."); <u>Perez v. Telecheck Servs., Inc.</u>, 208 F. Supp. 2d 1153, 1156 *(D. Nev. 2002)*; <u>Morse v. Dun & Bradstreet, Inc.</u>, 87 F. Supp. 2d 901, 904 n.1 *(D. Minn. 2000)* (noting that ß 1692e(8) prohibits "threatening to communicate false credit information to third parties").
Hudspeth, 2013 U.S. Dist. LEXIS 25260 at p. 7.

Other Judges in this Court have reached the same conclusion as the <u>Hudspeth</u> case regarding a debt collectors obligation to report a disputed account to the credit bureaus or the creditors as disputed when the debt collector communicates information regarding the account to credit bureaus or creditors after a consumer disputes an account with the debt collector. See, <u>Baker v. I.Q. Data International, Inc.</u>, 14-cv-00114-WJM-MEH, 2015 U.S. Dist. LEXIS 56072 (D.Colo. April 29, 2015) and <u>Carter v. Credit</u>

Bureau of Carbon County d/b/a CollectionCenter, Inc., 14-cv-00873-JLK, 2015 U.S.

Dist. LEXIS 94860 (D.Colo. July 20, 2015).

The FTC Staff Commentary on this issue, 53 Fed. Reg. 50097-02, 501016 (Dec.

13, 1998) also supports Plaintiff's position by holding that if a debt collector knows that a

debt is disputed by a consumer and reports the account to a credit bureau, he must

report it as disputed and that if the debt collector learns of a consumer's dispute of an

account after reporting the debt to a credit bureau, the dispute need not also be

reported.

"[a]s *[Section 1692e(8)]* does not contain an explicit writing requirement, courts

have held that it applies to all disputes, even those made orally." *Hudspeth v. Capital*

*Mgmt. Servs., L.P., No. 11-cv-3148-PAB-MEH, 2013 U.S. Dist. LEXIS 25260, 2013 WL*

*674019, *7 (D. Colo. Feb. 25, 2013)* (citing *Brady v. The Credit Recovery Co., 160 F.3d*

*64, 67 (1st Cir. 1998))*. "Furthermore, a debt collector cannot require a consumer to

have a valid reason or to submit particular types of documentation in order to dispute a

debt." *Id.* (citing *DeSantis v. Computer Credit, Inc., 269 F.3d 159, 162 (2nd Cir. 2001))*.

"There is no requirement that any dispute be 'valid' for this statute to apply; only that

there be a dispute." *Hoffman v. Partners in Collections, Inc., No. 93 C 4132, 1993 U.S.*

*Dist. LEXIS 12702, 1993 WL 358158, *4 (N.D. Ill. Sept. 13, 1993)*. Construing another

section of the FDCPA, the Seventh Circuit has held that "[u]nsophisticated consumers,

whatever else may be said about them, cannot be expected to assert their ß

1692c(a)(3) rights in legally precise phrases." *Horkey v. J.V.D.B. & Assocs., 333 F.3d*

*769, 773 (7th Cir. 2003)*.

Carter, 2015 U.S. Dist. LEXIS 94860 at page 3.

A consumer may dispute a debt for a good reason, a bad reason, or no reason at all. Sambor v. Omnia Credit Servs., 183 F.Supp. 2d 1234 (D. Haw. 2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 (N.D.Ill. Aug 3, 2004). A consumer can orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64, 66 (1st Cir. 1988). A consumer can dispute all or part of a debt. 15 U.S.C. § 1692g(a)(3).

In the Carter case the Court found that the Plaintiff in that case had disputed the account despite never saying the specific word dispute at all because the Plaintiff in that case communicated to the Defendant that she had insurance during the entire time and that her insurance should have paid the debt. Carter, 2015 U.S. Dist. LEXIS 94860 at page 3. In this case the Plaintiff made clear that she did not agree that she owed the balance on the account to the Defendant and that she did not owe that much which qualifies as a dispute of the account pursuant to the FDCPA consistent with the Carter case.

"Defendant may be correct that Plaintiff remains ultimately liable for the debt as a matter of contract, but as indicated above, Plaintiff need not prevail on the merits of her argument that she is not liable for the debt in order for the debt to be disputed within the meaning of Section 1692e(8)." Carter, 2015 U.S. Dist. LEXIS 94860 at page 3.

The plain language of FDCPA including 1692e(8) and the 10th Circuit's directive that the FDCPA "should be construed liberally in favor of the consumer." in Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002) required the Defendant to communicate

the disputed status of the Plaintiff's account to Experian and Transunion and the

creditor after the Plaintiff informed the Defendant of the disputed nature of the account.

The plain language of 1692e preface uses very broad language as well – "in

connection with the collection of any debt" the statute does not say communications

limited to those intended to induce payment from the consumer.

Numerous Courts have found that credit reporting constitutes an attempt to

collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a

creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed,

in part, to wrench compliance with payment terms from its cardholder"); Matter of

Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991) and Ditty v. CheckRite, Ltd.,

973 F.Supp. 1320, 1331 (D.Utah 1997).

Numerous Federal Courts have found the type of conduct that Defendant did in

this case violates the FDCPA. See, Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir.

1998), Smith v. National Credit Systems, Inc., 807 F.Supp. 2d 836 (D.Ariz. 2011),

Sullivan v. Equifax, Inc., 2002 U.S. Dist. LEXIS 7884 (E.D.PA. April 19, 2002), Perez v.

Telecheck Servs., Inc., 208 F.Supp. 2d 1153 (D.Nev. 2002) and Hoffman v. Partners in

Collections, Inc., 1993 WL 358158 (N.D.IL. September 14, 1993).

This Court in the Baker case specifically rejected the "animating purpose" test

adopted by some Courts because doing so would be contrary to the FDCPA's purpose

stating:

The Court is not persuaded by the out-of-circuit cases cited by Defendant. *Section 1692e(8)* would lose its teeth if it were subject to the "animating purpose" test. When a

debt is not reported as disputed to a third party, the harm to the consumer is the same regardless of the debt collector's motive for making the communication.

Baker, 2015 U.S. Dist. LEXIS 56072 at page 3.

*Section 1692e(8)* shields consumers from the devastating effects of adverse, and incorrect, credit reporting such as that described in *Saunders*. This objective could not be achieved if the statute's application were limited to communications made to induce payment by the debtor.

Baker, 2015 U.S. Dist. LEXIS 56072 at page 4.

The Court therefore declines to apply the "animating purpose" test to claims under *ß 1692e(8)*, and finds that doing so would be contrary to the statute's purpose.

Baker, 2015 U.S. Dist. LEXIS 56072 at page 4.

## CONCLUSION

The Defendant's actions in connection with the collection of the Plaintiff's debt constitute multiple violation(s) of the FDCPA. Because the undisputed evidence, viewed in the light most favorable to the Defendant, is sufficient to establish all of the elements of the Plaintiff's claims the Plaintiff is entitled to Summary Judgment on her claims and Summary Judgment should be awarded in favor of Plaintiff and against the Defendant on these violation(s) as the Defendant is not asserting the Bona Fide Error affirmative defense in this case. The Plaintiff requests that the case than be set for a jury trial solely to determine the amount of the Plaintiff's statutory damages. Should this motion be denied the Plaintiff reserves the right to proceed to a trial by jury on all issues as requested in the Complaint and Jury Demand and the Plaintiff requests that the Court issue an Order pursuant to Fed.R.Civ.P. 56(g) specifying what facts are not genuinely in dispute and treating those facts as established in this case.

Respectfully submitted this 9th Day of November, 2015.

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2015, I filed the foregoing Plaintiff's Motion for Summary Judgment and Exhibits 1, 2 and 3 with the Clerk of the Court's CM-ECF System which will send notice of this filing to the following email addresses:

jdickinson@spencerfane.com,
jcotter@spencerfane.com

_____s/ David M. Larson_____